UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:23-cv-02802-MCS-JC | Date  April 10, 2024 |
| Title  *Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND, MOTION FOR RECONSIDERATION, AND EX PARTE APPLICATION TO CONTINUE (ECF NOS. 68, 84, 89) (JS-6)

Plaintiff Turesa Wilcox moves to remand the case. (Mot., ECF No. 68.) Defendant ATC Healthcare Services, LLC, opposed. (Opp'n, ECF No. 82.) The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## I.   BACKGROUND

According to Plaintiff's original complaint,[1] Plaintiff is a resident of California and Defendants' former employee. (Compl. ¶ 2, ECF No. 1-1.) Plaintiff alleges that Defendant Harbor UCLA Medical Center Guild, Inc., outsourced labor

---

[1] Plaintiff filed the operative first amended complaint in federal court after the Court granted a motion to dismiss the complaint originally filed in state court. (*See* Order 16, ECF No. 29; *see generally* FAC, ECF No. 31.) Although a prior pleading usually is treated as a nullity upon the filing of an amended pleading, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), the jurisdictional inquiry focuses on the state of play at the time of removal, *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015), so the Court draws from the original complaint in its analysis.

and payroll services to Defendant ATC, a staffing agency. (*Id.* ¶ 3.) Plaintiff alleges that Defendants failed to pay her and those similarly situated to her overtime wages and minimum wages, failed to provide meal periods and rest periods, failed to pay all wages due upon termination, failed to provide accurate wage statements, failed to timely pay wages during employment, and failed to pay work expenses. (*Id.* ¶¶ 32–90.)[2]

Defendant ATC removed this action on April 14, 2023, asserting that this Court has subject-matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). (NOR ¶ 6, ECF No. 1.) The Court previously denied a motion to remand. (*See* Order, ECF No. 29.)

## II. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant in state court can remove a civil action to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). CAFA provides federal subject-matter jurisdiction if (1) the proposed plaintiff class is not less than 100 members, (2) the parties are minimally diverse, and (3) the aggregate amount in controversy exceeds $5 million. *Id.* § 1332(d)(2), (5)(B). "Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Although "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), the removing party bears the burden of establishing federal jurisdiction, *see Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) ("The burden of establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal.").

Where, as here, "it is unclear or ambiguous from the face of a . . . complaint whether the facts required for CAFA jurisdiction are pled, [courts] apply a

---

[2] Plaintiff also originally asserted a claim for violation of the California Unfair Competition Law, (Compl. ¶¶ 91–95), which the Court dismissed, (Order 15–16), and the Plaintiff not reassert, (*see generally* FAC).

preponderance of the evidence standard." *Quetel v. Cosmo Store Servs., LLC*, No. 8:10-cv-1175-JST (RNBx), 2010 WL 11596146, at *2 (C.D. Cal. Oct. 26, 2010) (cleaned up) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)); *see also Coit v. Fidelity Assurance Assocs., LLC*, No. C 08-2585, 2008 WL 3286978, at *4 (N.D. Cal. Aug. 6, 2008) (applying preponderance of the evidence burden used to analyze CAFA's amount in controversy requirement to the numerosity requirement); *Collins v. Aurobindo Pharma USA, Inc.*, No. 3:19-cv-00688-MMA-KSC, 2019 WL 3183672, at *2–3 (S.D. Cal. July 16, 2019) ("The Court must determine whether Aurobindo USA has shown by a preponderance of the evidence that the action involved more than 100 plaintiffs and that the amount in controversy exceeds $5 million."). "Under the preponderance of the evidence standard, the Court may consider facts in the removal petition as well as summary-judgment type evidence relevant to CAFA's threshold requirements at the time of removal." *Quetel*, 2010 WL 11596146, at *3 (cleaned up) (citing, inter alia, *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

"[P]ost-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." *United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010). But "exceptions to the general rule of 'once jurisdiction, always jurisdiction'" exist, "such as when . . . there was no jurisdiction to begin with because the jurisdictional allegations were frivolous from the start." *Id.* at 1092 n.3 (citing *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010)).

### III. DISCUSSION

Plaintiff argues that there is no subject-matter jurisdiction under CAFA because Defendant has represented that the putative class size is, alternatively, zero or 34. (Mot., at v–vi; Reply 2–4.) Defendant, declining to engage with the preponderance-of-the-evidence standard, argues that its representations should not be used to determine subject-matter jurisdiction because it relied on reasonable assumptions at the time of removal to determine the size of the plaintiff class based on an allegedly deficient class definition. (Opp'n 7–9.) Alternatively, Defendant argues that the proper course of action would be dismissal if the Court agreed that the class size is zero. (*Id.* at 9–10.) Finally, Defendant argues that any decision on remand is premature given that Plaintiff has represented that she intends to file an amended complaint. (*Id.* at 11–12.)

Neither party's argument is availing. Plaintiff directs the Court to a declaration by Defendant's counsel filed in support of a motion to compel in this case that "Plaintiff's definition of the putative class . . . yields zero individuals," (Wetmore Decl. ¶ 4, ECF No. 57), and attaches an email from Defendant's counsel in which counsel stated that her understanding of the intended class definition would yield a putative class of "approximately 34 individuals," (Bibiyan Decl. ¶ 3 & Ex. A, ECF No. 83). However, these facts do not necessarily go to show that, at the time this case was removed, the class size did not exceed 99 members. *See* 28 U.S.C. § 1332(d)(5)(B). Defense counsel's statements are only attorney admissions allegedly based on information acquired during discovery. (*See* Wetmore Decl. ¶¶ 6–8.)[3]

But Plaintiff's line of argument makes the Court aware of a separate deficiency in Defendant's removal. Plaintiff's theory of the class has been consistent since the removal of this case—that the class consists of "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class." (Compl. ¶ 22, ECF No. 1-1; *see* FAC ¶ 31, ECF No. 31 (same).) Defendant's jurisdictional allegations as to class number, which are based only on its own employees, fail to conform to the bounds of the class defined in the pleading. (*See* Gultz Decl. ¶ 8, ECF No. 1-1 ("Based on my review of the data retrieved, there were approximately 1,062 current and former hourly non-exempt employees who were employed by ATC . . . .").) Thus, the Court finds that Defendant's jurisdictional allegations were "frivolous from the start," *United Steel*, 602 F.3d at 1092 n.3, because they were based on

---

[3] Plaintiff also urges the Court to estop Defendant from contesting a putative class size of 1,067 through the doctrine of judicial estoppel. (Reply 2–4.) The Supreme Court has identified "three factors that courts should consider in determining whether the doctrine is applicable in a given case," and the Ninth Circuit also considers whether "a party's position is tantamount to a knowing misrepresentation to or even fraud on the court." *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 993–94 (9th Cir. 2012). Plaintiff does not engage with these factors. Because it is not the role of the Court to make parties' arguments for them, the Court declines to apply judicial estoppel. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003); *see also Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001) (declining to address an "argument . . . too undeveloped to be capable of assessment").

Defendant ATC's number of employees alone and not the number of employees jointly employed by ATC and Harbor UCLA.

Defendant's reliance on *Jauregui v. Roadrunner Transportation Services, Inc.*, 28 F.4th 989 (9th Cir. 2022), for the proposition that Defendant made allowed, reasonable assumptions regarding the existence of CAFA jurisdiction is unavailing, though the argument is admittedly not directly targeted to the above reasoning. (*See* Opp'n 7–9.) For one, the defendant in *Jauregui* adduced "substantial evidence and analysis supporting" its amount-in-controversy estimate. *Id.* at 994. But the only evidence Defendant has adduced to support its numerosity estimate is a single declaration regarding a number of employees that does not conform to the class definition in the pleadings. (Gultz Decl. ¶ 8.) The Court finds that the assumption that the putative class encompasses all of Defendant ATC's California employees is unreasonable in light of the allegations restricting the class to joint employees of Defendant ATC and Harbor UCLA. As such, Defendant has failed to meet its burden to prove by a preponderance of the evidence that jurisdiction exists.

Finally, neither of Defendant's last two arguments are availing. Defendant cites no authority for the proposition that the Court should dismiss a removed case over which it does not have subject-matter jurisdiction, as opposed to just remanding it. *Blum v. Fashion Nova, LLC*, No. CV22-2044 PA (Ex), 2022 WL 2133886 (C.D. Cal. Apr. 1, 2022), which Defendant cites in arguing for dismissal, cannot stand for that proposition because the case originated in federal court, not state court. *See* Compl., *Blum v. Fashion Nova, LLC*, No. 2:22-cv-02044-PA-E (C.D. Cal. Mar. 28, 2022), ECF No. 1. And any amended complaint bears no weight on this analysis, as jurisdiction is determined "at the time of removal." *Quetel*, 2010 WL 11596146, at *3 (cleaned up).

## IV.  CONCLUSION

The Court grants the motion to remand. Defendant's motion for reconsideration, (ECF No. 84), and Plaintiff's ex parte application to continue the filing deadline for a motion for class certification, (ECF No. 89), are denied as moot. The case is remanded to Los Angeles County Superior Court, No. 23STCV04472. The Court directs the Clerk to effect the remand and close the case.

**IT IS SO ORDERED.**